## FISHER *a.* STILSON.

*Supreme Court, Sixth District; General Term, July,* 1859.

SUBMISSION OF CONTROVERSY WITHOUT ACTION.—GUARDIAN.

The court cannot, on submission of controversy without action under section 372 of the Code, determine a question of difference in which it appears, from the statement, that an infant is legally interested.

*It seems,* that there is no authority for the appointment of a guardian for an infant party, for the purposes of a submission of a controversy without action; and that an infant has no power to consent to such submission.

Controversy submitted without action, pursuant to section 372 of the Code.

BY THE COURT.*—BALCOM, J.—It is provided by section 372 of the Code, that " parties to a question of difference, which might be the subject of a civil action, may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction if an action had been brought." Also, that the court shall hear and determine the case, at a general term, and render judgment thereon, as if an action were depending.

The case agreed upon shows that there are several infants interested in the question of difference, who are not parties to the submission; and the case must be determined " as if an action were depending." If an action were depending, it would be the duty of the court to cause the infants to be brought in; for the reason that a complete determination of the controversy

* Present, MASON, BALCOM, and CAMPBELL, JJ.

cannot be had without their presence. (*Code*, § 122.) The infants cannot make a valid agreement to submit the question of difference without action. They must appear in the controversy by guardians appointed for that purpose. (*Code*, § 115.) And there is no statute that authorizes the appointment of a guardian for an infant to appear for him in a controversy without action. Section 115 of the Code clearly shows that there must be an action to give the court or a judge jurisdiction to appoint a guardian for an infant in a legal or equitable controversy. It therefore follows that the court cannot determine this case; nor cause the infants to be brought in. And no judgment can be rendered in the case. The parties must settle the controversy between them and the infants mentioned in the case, by action.

Decision, that the question of difference presented by the case cannot be determined, except by action, as there are infants interested in it, who must be brought in.

---

MacDONALD *a.* GARRISON.

*New York Common Pleas ; General Term, July,* 1859.

DEPOSITION.

In taking a deposition it is not necessary for the judge himself to write down the examination of the witness; it is sufficient that he administers the proper oath, and then after the witness has been examined in his presence, and the examination has been written down by counsel, that he reads it over to the witness before the signing and certifying thereof.

Appeal from an order denying a motion to suppress a deposition.

The facts are stated in the opinion.

BY THE COURT.*—DALY, F. J.—The statute declares that the

---

* Present, DALY, F. J., and BRADY and HILTON, JJ.